IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 25 2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC MULDER,

                        Plaintiff,          **MEMORANDUM & ORDER**

    -against-                             12-CV-1269 (NGG)

THE NEW YORK STATE DEPARTMENT OF
TAXATION & FINANCE,

                        Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On March 9, 2012, Plaintiff Eric Mulder filed a request to proceed in forma pauperis, but did not include a complaint. (Mot. (Docket Entry # 1).) The Clerk of Court sent Plaintiff a deficiency letter and instructions on how to prepare a complaint. (See Clerk's Mar. 9, 2012 Notice (Docket Entry # 2).) Plaintiff filed a submission in the form of a Complaint on April 3, 2012. (Compl. (Docket Entry # 4).) Plaintiff's request to proceed in forma pauperis is granted for the purpose of this Order. For the reasons set forth below, the action is dismissed.

## I. BACKGROUND

Plaintiff's one-page Complaint names the New York State Department of Taxation and Finance as the sole Defendant. (Id. ¶ I.) The Complaint states that "[t]he jurisdiction of the court is invoked pursuant to (Rule 8)." (Id. ¶ II.) No other basis of jurisdiction is alleged. The Statement of Claim within the Complaint alleges that Plaintiff was assessed a past due balance on his New York State taxes, that he did not receive notice of the claim while he was incarcerated in federal custody, and that the tax bill increased while he was in custody. (Id. ¶ III.) Plaintiff alleges that his wages are being garnished for tax payments. Plaintiff asks the court to reduce the balance of his tax bill to the amount that he originally owed at the time he

was initially imprisoned. (Id. ¶ IV.)

## II. DISCUSSION

The court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); see Fed. R. Civ. P.

12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff's Complaint does not assert any valid basis for this court's jurisdiction over his claims. His allegations do not allege the violation of any federal law or constitutional right nor otherwise suggest any basis for federal question jurisdiction. There is no diversity jurisdiction, as Plaintiff states that he resides in New York, and Defendant is a New York State agency. As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, there is no basis for federal subject matter jurisdiction over this action.

The court notes further that "[t]he Tax Injunction Act and principles of comity preclude a party from pursuing any legal or equitable challenge to state tax laws and policies in federal court if a plain, adequate, and complete remedy may be had in state court." Dourlain v. Comm'r of Taxation and Fin., 133 Fed. App'x 765, 767, 2005 WL 1161389, at *1 (2d Cir. 2005) (internal quotation marks and citations omitted); see 28 U.S.C. § 1341. The United States Supreme Court has held that New York law does indeed afford a "plain, speedy and efficient means" to address constitutional challenges to state tax actions. Tully v. Griffin, Inc., 429 U.S. 68, 76-77 (1976). Consequently, even if Plaintiff were alleging a claim that raised a federal question, the court would likely be required to refrain from considering his case.

### III. CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 25, 2012

/S/
NICHOLAS G. GARAUFIS
United States District Judge